|  |
|---|
| 773778 |
| PHELAN HALLINAN DIAMOND & JONES, PC |
| 400 Fellowship Road, Suite 100 |
| Mt. Laurel, NJ 08054 |
| 856-813-5500 |
| <u>Attorneys for Secured Creditor: U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST</u> |
| UNITED STATES BANKRUPTCY COURT |
| DISTRICT OF NEW JERSEY |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** |

Order Filed on August 22, 2016
by Clerk U.S. Bankruptcy Court
District of New Jersey

In Re:

FERNANDO SANTIAGO

Case No: 15-29711 - JNP

Hearing Date: 08/24/2016

Judge:  JERROLD N. POSLUSNY JR.

**CONSENT ORDER RESOLVING PROVISION FOR A CRAMDOWN OF THE MORTGAGE HELD BY U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST**

The consent order set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: August 22, 2016**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

**NJID 773778**
PHELAN HALLINAN DIAMOND & JONES, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
856-813-5500
<u>Attorneys for U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST</u>

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE:

FERNANDO SANTIAGO

Debtor

CASE NO. 15-29711 - JNP

CHAPTER 13

CONSENT ORDER RESOLVING PROVISION FOR A CRAMDOWN OF THE MORTGAGE HELD BY U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST

HEARING DATE: 08/24/2016

    This Consent Order pertains to the property located at 537 EAST QUINCE STREET, VINELAND, NJ 08360, mortgage account ending with "9277";

    THIS MATTER, having been brought before the Court by the Debtor FERNANDO SANTIAGO (the "Debtor"), by and through his attorney, Moshe Rothenberg, Esquire, upon the filing of a Chapter 13 Plan proposing to cram-down the claim of the secured creditor U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST ("U.S. Bank Trust"); and U.S. Bank Trust, by and through its attorneys, Phelan Hallinan Diamond & Jones, PC, having filed an Objection to the Chapter 13 Plan's cram-down provision; and the parties having subsequently resolved their differences; and the Court noting the consent of the parties to the form, substance and entry of the within Order; and for other and good cause shown:

    IT IS on the _____ day of _____, 2016, ORDERED as follows:

    1.    This stipulation will provide that U.S. Bank Trust's allowed secured Proof of Claim in regards to the lien on the property located at 537 EAST QUINCE STREET, VINELAND, NJ 08360, noted as number #8-1 on the Court's claims register, is hereby amended and reduced to a secured claim in the amount of $84,131.06 (property value in the amount of $81,000.00 at an interest rate of 5.50%, escrow advances in the amount of $3,131.06, and an unsecured claim for the balance in the amount of $162,520.68).

    2.    The secured claim of U.S. Bank Trust will be paid inside the Chapter 13 Plan by the Chapter 13 Trustee through payments made by the debtor.

      3.      Any Dismissal of the case or conversion to a Chapter 7 will result in a full reinstatement of U.S. Bank Trust's secured lien.

      4.      U.S. Bank Trust's secured lien shall be released and extinguished upon receipt of debtors' discharge and successful completion of the debtors' Chapter 13 Plan pursuant to 11 U.S.C. §1328(a).

      5.      If a discharge is obtained pursuant to 11 U.S.C. §1328(a), then U.S. Bank Trust, and its successors and assigns, (within 30 days of such discharge), shall file a release of the lien with the recorder of deeds in Cumberland County at Book 4041, Page 6533.

      6.      In the event U.S. Bank Trust fails to discharge the mortgage within the prescribed period, the debtor and/or their counsel may record a certified or exemplified copy of the bankruptcy discharge order with the recorder of deeds in which case same shall have the same force and effect of a discharge of mortgage.

      7.      In the event that the debtor fails to tender their regular monthly Chapter 13 Plan payment, or his plan payments are more than thirty (30) days delinquent, the secured creditor or the Chapter 13 Trustee may submit a Certification of Default and a proposed order to dismiss the bankruptcy case to the court and serve a copy of such Certification of Default upon the debtors and their counsel. Ten (10) days after receipt of a Certification of Default, the court will enter an order granting the dismissal; unless, the debtor has filed an objection to the Certification of Default specifying reasons for the objection; in which case the court will set a hearing on the objection. If the case is dismissed for any reason, than the full amount of U.S. Bank Trust's lien will be reinstated including any fees, costs, interest and escrow that may disbursed on behalf of the debtor.

      8.      Taxes and insurance will be advanced by the debtor. If debtor fails to pay the taxes and insurance, then U.S. Bank Trust will send a Notice of Default to the debtor allowing the debtor 30 days to cure. If the debtor does not cure within thirty (30) days, U.S. Bank Trust will file a Certification of Default and a proposed order to dismiss the bankruptcy case to the court and serve a copy of such Certification of Default upon the debtor and his counsel. Ten days after receipt of a Certification of Default, the court will enter an order granting the dismissal; unless the debtor has filed an objection to the Certification of Default specifying reasons for the objection; in which case the court will set a hearing on the objection.

      9.      This Order shall be incorporated in and become a part of any current or future Order Confirming Plan in the herein matter.

The undersigned hereby consent to the form,
Content and entry of the within Order:

PHELAN HALLINAN DIAMOND & JONES, PC
Attorneys for Secured Creditor:
U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST

**/s/  James P. Shay, Esquire**                              Dated: August 16, 2016
James P. Shay, Esquire



**/s/  Moshe Rothenberg, Esquire**                           Dated: August 16, 2016
MOSHE ROTHENBERG, Esquire
Attorney for Debtor